■ JOSEPH ALSTER et al., Respondents, v PALACE Co. et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Defendants.—Order, Supreme Court, New York County (Robert E. White, J.), entered on December 2, 1985, which, *inter alia,* denied defendants and third-party plaintiffs' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion granted, without costs or disbursements.

Plaintiff was injured in an incident which occurred at the Helmsley Palace Hotel on the evening of September 12, 1982. At the time, third-party defendant United Jewish Appeal was holding a private reception for its members and invited guests in the hotel's second-floor ballroom, at which the guest speaker was Secretary of State George B. Shultz, whose presence had resulted in several demonstrations outside the hotel. Plaintiff, who was not an invited guest, entered the lobby of the hotel where he remained for a few minutes before advancing, at an opportune moment, to the second-floor ballroom. Although he did not have an admission ticket, plaintiff walked past the courtesy tables at the ballroom entrance and, when confronted by someone who inquired as to where he was going, continued to the threshold of the ballroom's entrance doors where he shouted, "stop stabbing Israel in the back, Shultz." Two Department of State security officers, Gibson and Walsh, jumped on plaintiff and threw him to the floor. Plaintiff was then dragged down a hallway and into a utility room where he was thrown against a wall and handcuffed. By the time plaintiff emerged from the utility room 10 minutes later he had sustained a fractured wrist. He was then taken, handcuffed, to a downstairs office. Eventually, a man, later identified as the hotel manager, entered the office and spoke to the security officers. The hotel manager remained with plaintiff and the two officers until the arrival of New York City police officers, who removed plaintiff by ambulance to Bellevue Hospital. Plaintiff was later taken to a police precinct, processed and then released.

The next morning, Agent Gibson filed a criminal complaint against plaintiff, alleging unlawful interference with a Federal security officer while in the performance of his official duties. Seven months later plaintiff executed a general release in favor of the two agents, the United States Attorney for the Southern District of New York, the Department of State and the United States Government. Plaintiff subsequently commenced this action, alleging, in substance, that at the time in question he was "properly and legitimately on the premises

* * * [and] was accosted, assaulted, restrained and abused by various individuals * * * [and that] [t]he aforesaid occurence *[sic]* was due to the negligence of defendants in failing to provide and maintain adequate security * * * [and] in failing to protect plaintiff from vicious attack". After discovery had been completed, defendants, the Palace Company and Supervisory Management Corporation, the owner and managing agent, respectively, of the hotel, moved for summary judgment dismissing the complaint against them. Finding issues of fact, Special Term denied the motion. We reverse.

Notwithstanding plaintiff's status as a trespasser at a private function, defendants, as owners and managers of the hotel, had a duty to take reasonable precautions to protect him from " 'intentionally harmful acts of third persons' ". *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519, quoting Restatement [Second] of Torts § 344; *see, Basso v Miller,* 40 NY2d 233, 241.) The measure of liability, as in the usual negligence action, is foreseeability. *(Basso v Miller, supra,* at p 241.) Plaintiff admits that he knowingly and willingly attempted to enter upon premises that were closed to the general public, that he ignored the inquiry of the person apparently responsible for controlling ingress to the event, and that he attempted to disrupt the gathering, all of which resulted in his arrest by State Department security officers. Thus, his own conduct, not that of some third party as against whom he might have been owed a duty of protection, prompted his arrest and led to his subsequent injuries. On this record, plaintiff clearly assumed the foreseeable risk of his arrest and subsequent injuries. *(See, Basso v Miller,* 40 NY2d, at p 241, *supra.)* Moreover, any attempt by hotel officials to interfere with his arrest would have exposed them to a charge of interfering with an agent engaged in the discharge of his duties (18 USC § 111). Since the hotel owner and managing agent cannot be held liable for this incident as a matter of law, their motion for summary judgment should have been granted. In light of our determination, we need not reach the merits of their alternate arguments for dismissal. Concur—Sullivan, J. P., Ross, Asch, Kassal and Ellerin, JJ.